The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable of the United States Court of Appeals for the 4th Circuit are admonished to draw nigh and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Be seated. I want to welcome you all to the 4th Circuit today. We're pleased to have you here. Two minutes. Good morning, Your Honors. I'm here because the District Court erred in denying our Rule 29 motion on the 924J count in Count 3 of the indictment in this case. Our position is based upon the special verdict form that was provided that the jury was, in fact, properly found the facts and properly instructed and did not find an element of the 924J offense, which is the use of a firearm. In this instance, the government has conceded that 924C and 924J are, in fact, separate offenses. And because they are separate The government may have conceded that, but that doesn't mean we have to agree with them. Your Honor, that is true. I guess you don't have to agree with them, but I think that they were bound by the record that was made at the District Court. And clearly, at our arguments at the time of the 924, I mean, I'm sorry, the Rule 29 motion, the government conceded that under DOJ policy, it is their position, based upon the Julian case, that 924C and 924J are, in fact, separate offenses. It doesn't matter. It doesn't matter. We decide what the law is, and then we apply it to the facts of the case. Because you could maybe tell the Justice Department to get up and say we concede that having crack cocaine isn't illegal. I know they wouldn't, but you get my point. What they concede doesn't matter. Okay. Well, I guess Factually, factually, it might. You stipulate to the facts, but you can't stipulate to the law. Okay. In the case, we may have trouble figuring it out. We may need your help figuring it out. Do you think there was a conviction under C? Yes. In Count 3? In Count 3, we believe that there was a conviction under C. Why don't you, why isn't it a duplicitous indictment? It charges two offenses. It does charge two offenses, and in retrospect, it probably would have been better to separate them out into separate counts, but this all happened in a pre-Elaine world, and they were in the same count, and it is our position that through the special verdict form, the jury was properly instructed. If there is a duplicitous indictment, what's that do to you and the government? Duplicity, I mean, charges multiple, two offenses in one indictment, right? Correct. In one count, two charges in one count. That's not necessarily defective. It is not if the jury was properly instructed, and it is our position that in this case, through the special verdict form, the jury was properly instructed on both J and C, because the elements of each offense were presented in the special findings that were... Would C be a lesser-included offense of J? C is not a lesser-included offense of J, because J requires a separate element, which is the use of the firearm, I'm sorry, under, it is the use of a firearm to cause the death of the person, and that is a separate element of J that is not present in 924C, and so, therefore, it is our position that they are, in fact, separate offenses with separate elements and are not lesser-included offenses. You argued to the district court that they were separate offenses? Yes, we argued to the district court that they were separate offenses. You argued it was a duplicitous indictment? No, I did not argue that it was a duplicitous indictment, but we did argue that they were separate offenses at the time of the Rule 29 motion. Well, how about before that, when you were doing jury instructions? Right, when we were doing jury instructions, we believed that the special verdict form that was, in fact, drafted by the government in this case adequately set forth the elements of both... The jury instructions that were given, weren't they yours? Didn't you all agree to them? Yes, Your Honor, we did have a jury, we did have jury instruction conference in charge, and we all agreed to it, and there was no objection... And they were given as you all agreed to, correct? Yes. And there was no objection after the thing came in? I mean, the judge even commented on it from the bench, it looks like it's an erroneous verdict. Did you object to the verdict form? No, we did not object to the verdict form. So the charge the judge gave and the verdict form sent to the jury, you did not object to that? That is correct. We believe that the jury was properly instructed on both 924C and 924J, because, and this is I think a point... I thought the district court judge said in order to get a conviction here that you had to find all the elements that are in J, including death, and there wasn't anything set out separately that would cover C. Your Honor, with all due respect, I'm not sure that I think that that's what the record reflects, and I'd bring the court's attention to JA 1268, which is where, in fact, the court is instructing the jurors on count 3, and the district court is very clear with them that if you find the defendant guilty of count 3, you then have to answer the next questions. And then he goes through with them... Oh, wait a minute, wait a minute. Where does he say in instructing the jury before he gets to the special verdict about that they have to find death in order to find guilt? I don't think he says you have to find death in order to find guilt, because this was not a death penalty case. It was not authorized for death, so... But in order to get a conviction under J, you would have to, right? No, in order to get a conviction under J, you have to show that there was a use of a firearm. You don't have to show that... Your argument is if you meet those elements under J, then death is a potential sentence, but death was taken off the table by the government in this case. That is correct, Your Honor. Thank you. Which means it was any term of years or life. That is correct. Any term of years or life. I didn't mean death, the individual subject to death, but there was a death, it caused a death of the victim. And that's what the statute says. Right, use of the firearm... It says a person who, in the course of a violation of subsection C, this is subsection J. Right. In the course of a violation of subsection C, causes the death of a person through the term of years or for life. That is correct. Is that your position, is what you were convicted of? Or you were convicted of both offenses, two offenses in there? No, we were, I believe that Mr. Brand was convicted of the commission of a 924C violation, which is the discharge, the aiding and abetting the discharge of the firearm. What difference does J make in this case? The difference that J makes in this case is that a 924C conviction under discharge has the mandatory minimum of 10 years, whereas the conviction under J is any number of years up to life. So in other words, it's the mandatory minimum that bothers you? Well, what also bothers... I'm just asking, I can't figure this out. Because the way I looked at it, under C, or under J in this case, and I'm not sure J is a separate offense, quite frankly. In fact, I've written an unpublished opinion that says it's not in this circuit. Were you aware of that? No, Your Honor. Well, at any rate, in this case then it looks to me like C allows a term of years or life, J allows a term of years or life. The court has all the facts in front of it, and it decides under these facts, they don't care about the mandatory minimum. Don't they give a life sentence? Didn't the court give a life sentence? The court gave a life sentence on count three. So why would that matter then? Why would it matter if it's C or J? You just told me, if I understand you correctly, because I've been puzzled over this as I review the case, you said you are concerned because J doesn't have a mandatory minimum, and C does. Isn't that what you said? Yes, that's a distinction between the two statutes. That's a distinction, but why does it matter in this case? I'm just asking because the courts looked at it, and the court didn't care anything about that mandatory, didn't sentence near that mandatory minimum. They gave life. They gave the maximum. So in the real world, does it matter? It really does matter because there's a whole issue, which is our second issue in the brief, about if you are convicted under J, does that require the consecutive sentence that 924C conviction carries? Does C require consecutive? A conviction under 924C does require a consecutive sentence. What does J matter? If we were to say this is conviction under C, which you concede, why do we even need to talk about J? Well, we need to talk about J because it's a legal question that needs to be decided, I believe, as to whether J is a separate offense from C. Why? It doesn't matter in this case. Why would it matter in this case? The Third Circuit said it didn't matter. Well, if Your Honor is talking about the Berrios case, our position is that the Berrios case is not correctly decided because what they did is what I think Your Honor may be suggesting is kind of taking a functional approach to this as opposed to a literal approach. But in this case, in front of us right now, it would matter, perhaps, if death had been included and death had been given under, the death sentence had been given under J. But it wasn't even a factor in this case. Let me explain it to you again and just tell me why it matters. You say there is a conviction under C, a fair reading of the charge and the verdict form you concede, which you do. That sentence, isn't it correct, that sentence under C alone would be a term of years or life, correct? Yes, with the mandatory minimum for discharge, of course. And it has to be consecutive, correct? Correct. In this case, under J, if you look at that separately, it would be a term of years or life, same thing, right? And we just don't know if it has to be consecutive or not, right? You want to argue that to us. Correct. Why does that matter? What does that even matter in this case? Why does that matter in this case as to J? Well, I think it matters because the court convicted Mr. Brand of a count in which the We can look at that and agree with you that it's kind of convoluted, but just what you said, we could accept your argument, say it's a conviction under C. You'd win. You want to argue against you win in the case? I'm not trying to be flip, but it seems to me you can win under C. You know, I think it's a fair reading that that was a charge under C and the elements as you agreed to in the verdict leads to a conviction under C. I'm just saying if that's the case, why does it matter? You said because C has a mandatory minimum. This judge didn't care about a mandatory minimum in sentencing, did he? I can't speculate. I would concede he gave the life sentence. Right. I don't think if he cares about a mandatory minimum. He got two life sentences, did he? Because count two carried life as well, a mandatory life sentence. Are they consecutive? Well, that is the whole point you're on right now. Yes, they are. They are consecutive now. And they shouldn't be. You're saying the judge mistakenly believed he had to make them consecutive. That's correct. And so that was a sentencing error by the court. But that's only if this court finds that the judge was correct in finding that Mr. Brand was convicted under J. I want to take it back to the jury instructions on count three, which I'm looking at now at 1259 and 1260. And the district court, as far as I know, you tell me if I'm wrong, this is the only charge on count three. It tells the jury if you're going to convict the defendant, you have to find three elements. Committed the crime under count two. It tells them what that is. In relation to the commission of count two, he used carry to discharge the firearm. And three, that the firearm caused the death of Mr. Gonzalez. That seems to me to be all the elements of J. And that was the conviction was rendered on count three under these instructions and only these instructions. Isn't that right? These are the instructions that the jury. The trial judge instructed the jury, gave them these elements, and they came back with a guilty verdict. Wouldn't that indicate that they found him guilty of the crime that was charged? And those are the elements of J. Whether it's a separate crime or a sentencing enhancement. No, Your Honor, because both the 924 C and the 924 J were charged in count three, which is why there had to be special findings and count. And J has an element of use that was not found by the jury. And I don't. Before there were any special findings, the jury. Said he's guilty of count three. He did, but then guilty. Guilty account three. And if they just stopped right there, if you disregard any findings. What's the result here? He's guilty of what? Well, I think that if he's, if he's just guilty of count three, you don't have the charge in count three. It's whether if it's, if it's two offenses, he's guilty of both of them. Well, I don't really think that that's a fair reading of the record because at 1268. Reading of the verdict causes, they said he's guilty of count three. And you didn't object to the verdict. The judge offered to send it back or talked about sending it back. And you and the prosecutor said, no, we'll settle it. We'll, we'll, we'll, we'll, we'll fight about it from here on. I guess, leave it to the court of appeals. We trust the court of appeals to get it right now. I mean, I might've settled the whole thing. I mean, Judge Payne said there's maybe a problem here. What's counsel want to do? Y'all didn't want to do anything. I mean, if we review, if there's an error in there, and that verdict seems to me was reviewed for plain error. If we knew what we were looking, what error we're looking for. As you all said, we don't want to go back and try to get it straightened out. Well, Your Honor, I think that if the court is to look at 1268, Judge Payne makes it clear when he's instructing them on count three that simply entering a guilty verdict is not enough if they find him guilty. And I see my time is just about to expire, so I'll make this very quick. But then he goes on in 1268 of the record to say that you have to check which ones, plural, you think are correct and be unanimous in that finding. You're talking about the instructions. Yes. I'm talking about the verdict. They got the instructions. You didn't object to those either. So no objections preserved. That's all would be reviewed for plain error if we're going to figure out something's wrong with those. But on the verdict form, they plainly say straight up, guilty of count three. Whatever's in there, guilty of it. Right. But then they went on to address the special findings, and they only found discharge. Said he discharged it. He discharged it. In plain English, he sure used it. Well, Your Honor, with all due respect, I don't think that that's He discharged it without pulling the trigger. It's that kind of a weapon, wasn't it? You had to pull the trigger? Yes. But I think that the case law makes clear, and the Supreme Court has made clear, that use, brandish, and discharge are separate elements of 924C. They have separate meanings. In the Dean case, while we certainly are not sitting here abdicating that this is a ---- Let me ask you this, just so I'm sure. Certainly. What was Mr. Brand's sentence to on count one and count two? Honestly, Your Honor, on count one, I can't remember. On count two, it was life. Okay. All right. Thank you very much. Thank you. And on count two, was the RICO murder? Yes, Your Honor. Thank you very much, Ms. Boyer. You're saving time. Mr. Cook? Why didn't you all do a better indictment here? You all, the United States of America. Your Honor, I don't think there's a problem with the indictment. There's the special ---- Well, let's discuss this if these are separate offenses in J and C. That, if there is a duplicity problem, it is certainly waived by not having made a motion under Rule 12. This Court's opinion in King, I think, addresses that. It is. The government's view is it's separate offenses, and there are a couple of reasons for that. You should only charge one offense in each count. You should only charge one offense, but our view is that C is ---- So you should have charged this in two counts. Well, I think that you can have a lesser included within a particular count. I don't think that that creates ---- Well, you can have a lesser included in a particular count, and Judge Agee asked a question about that. Do you take the position that it's a lesser included offense? Yes. Which one's the lesser included? C is the lesser included. I think that that flows fairly naturally from the fact that the text of J says, a person who, in the course of a violation of subsection C ---- Then if it's lesser included, you can only be convicted of one or the other. Right. And here ---- The verdict says guilty of count three. Right. Then how do we know which one they're convicted of? Who do we read it in favor of? Well, the jury instructions in this particular case only ---- I'm not going to come back to jury instructions. There's no objections to those. How do we read the verdict? The verdict is a verity returned by the jury that nobody objected to. Correct. The verdict form says we, the jury, find them guilty of count three. The jury was given instructions on count three that were solely J. And so you ended up with a conviction under J, which is what the judgment form, judgment reflects in here. If we were to decide, this is the government's position, if we were to decide there's not a conviction under J, then count three falls. There's nothing under count three. Is that correct? I think that's ---- It's all J as a separate offense or no conviction under C. There were not jury instructions on C. I think that's a yes or no there. Yeah, I agree. But, I mean, here's what I think is getting lost. So that's your position. Count three is a conviction of J only. It was convicted of one count. Not convicted of J. They excluded C because it was a lesser included. That's right. But I really don't think that this is critical. Well, you have to figure ---- It would have helped us if we knew what he was convicted of. It would have helped a lot if you all had gotten things straightened out. Why is it not critical to know what a person is convicted of? Why is that not critical? Well, I think it is clear that it's J, but what the ---- Well, it's clear to you. It may not be clear to us is the point. So it's not a question of whether or not it's clear. The question is you suggested it doesn't matter. Three doesn't matter. And I think perhaps it does. Well, let me go back to what I ---- He's doing a life sentence on it. I'm sorry? He's doing a life sentence. That's right. On whatever he was convicted of. That's right. Just as a matter of making the system look right. Oh, absolutely. I'm not disputing that. He ought to know. The system ought to know what he was convicted of. But under the substance in this case, just tell me in a quick sentence why it doesn't matter whether we see three as J or C or one or both. Why doesn't that matter? Well, and here, let me explain that. What I take to be ---- Well, I have to ask you to. Right. What I take to be the critical issue in this case is the problem with count three is one that would be shared by C or J. Let me ask you this to stop you there. The other side stood up and they said you'd conceded it was two different offenses. Right. The other side now is standing up and conceding and agreeing that it's conviction under C. Right. You disagree with their concession? No, and that's enormously helpful for what I think is the key point about why this J conviction might be in question. If you accept their position as C, what difference does it make in this case? It makes none. And let me explain. Say that again. It makes no difference. And I can explain that, I think, very simply. Can you explain why you're arguing it then if it doesn't make any difference? Yes. And I think that, well, let me first explain why. If you're in the 11th Circuit, for example, as a prosecutor. I don't care about that. We're in the 4th Circuit. And we have this case in front of us. You're a good lawyer. You've been in front of me before. Tell me, you heard my questions to the defense lawyer. Why does it matter in this case? She said it mattered because of mandatory minimum. But realistically, that doesn't matter in this case. The judge didn't say, can I give him any less than mandatory minimum? No, I'll give him life. It doesn't matter. Why does it matter to you? Why are you arguing about J? Well, it does matter because he was convicted under J. And if you accept her conviction that he was convicted under C, you accept that. Right. You have that concession. Why do we have to decide J? Well, you wouldn't have to. But let me. You just want us to. No, you don't. I'm content if you want to affirm saying this is a C. You're satisfied with that? Yes. But let me get to what I think was what I understood to be the core problem with this verdict form in the district court and on appeal that I feel has gotten a bit lost. What the core problem was is you had a verdict form that had three options for a special finding, carry, use, discharge. And the jury only checked the discharge box. Now, that then led to the argument that they didn't find use or carry. But of course, use or carry has to be found for both C and J. So their position that there was a C conviction here is puzzling in the sense that their whole point was that they didn't check. By not checking use or carry, the jury meant we are saying that use or carry did not occur. And if that were true, you couldn't have a C conviction here because use or carry is required for C. So the government's position in this case is the defense says, and by the way, don't you think the charge and the verdict form could have been clearer than it is? Oh, absolutely. I agree with that. So now in a case where it's not completely clear, just let me say this. But it's not articulated in the best fashion. And there's some question whether J is mandatory or not as far as being a consecutive sentence. And the defense says, we think you can read the jury instructions and the verdict form fairly to say a conviction under C. And therefore, we talk about sentencing, but it looks like you would get life. The government stands up and goes, nope. Look, I'm perfectly content for this court to avoid the issues of J by just saying this is a C conviction. C has a maximum of life. The sentence wouldn't change one bit. And that's the end of the case. We say, for purposes of this case, that this doesn't matter whether it's a C or a J. I agree. I mean, the only reason I resist that is that the core problem the defendant has identified is that the jury didn't check use or carry. And if that were really a problem, that would be a problem with a C. And it would be a problem with a J, because you've got to find use or carry. But we don't have to accept their argument for their concession, do we? No, you don't. Can't we say a fair reading of the instructions as a whole lead to our determination there was a proper instruction under C, and looking at the verdict, whatever it is, it clearly is as conceded, and the government's willing to accept or also says, in that light, it's a conviction under C. Now, but if we say C or J, then aren't we faced with the question under J of mandatory or permissive consecutive sentences? Yes. Yes. Do you see the way I say it just avoids that issue? That's true. And it might allow for you and a defense attorney in a case where everything else is not a mishmash. It's clear. It's straight up. The elements are there. The verdict form is right. And then you would come back in front of us, you or somebody, representing their position, and say, this question on J is now clearly presented, and it's important and necessary to this case. I know your position is J is important to the world, and so is the other side. And it may well be, but you understand my distinction about important to the world and important to the case Sure, I'm not trying to get extra issues decided. I just want my convictions heard. Tell me what the impact is if it's a J conviction on the sentence. I don't think that there is any. Well, on the two consecutive life sentences. I don't think there's If it's a J conviction, we sustain the sentences. Right. The judge didn't have any discretion. Right. He had no discretion if it's a J conviction. Right. If it's a C conviction, he had discretion. One of them he had discretion. No. One of them he had discretion on whether to make it consecutive or not. That's all I'm trying to do. No, both of them No, no, no. It's an open question as to J, isn't it? Right. I mean, there's an unpublished opinion of this court, Hatton, that said that it's consecutive. Other circuits We can't say What do the other circuits say? The other circuits are, and I can run through them very Or whether it's consecutive or concurrent. Right. They disagree? Only the 11th Circuit has said that it's concurrent for J. It doesn't have to be concurrent. It could be the judge had power to make it. Right. In the 11th Circuit under Julian, if a judge wanted to, he could make the J Since it's not mandatory. Right. It's not mandatory. Exactly. And Judge Payne thought it was mandatory here. Right. I would agree with that. If it's really not mandatory, and he thought it was mandatory, it would have to be sent back for resentencing on that count. But if it's a conviction under C, it's your position, and I'm stating this correctly, that it is a mandatory. That's right. And if I could step back But if it's a conviction under J, and we adopt that other view, it would be permissive under J. Correct. All right. And your contention is it's a J conviction. Right. The government plants its feet on that. Right. Right. But, I mean, I'm not objecting if this court wants to affirm everything saying this is just a C. I'm sitting here. I think it's a J conviction. That's what I thought of coming in here. I mean, you might accommodate two people by saying, it doesn't make any difference, or we'll do it down the road, or something like that. But, you know, where you're throwing life sentences around, whether they're consecutive or concurrent, I mean, the judicial system needs to look right. Let me ask you this. No question, this guy did a lot of bad stuff. Sure. And you all proved it by the facts of that jury. Well, when you said, you sort of used the same language. You said you think that J is mandatory, consecutive. Right. But under C, it's not just that you think it. Isn't that the law? Oh, absolutely. Yeah, let's just make that clear. There's no question, that question doesn't come up under C. Yeah. And that is C, is a life sentence in C consecutive to what? The life sentences to the predicate offense, which here was the, yeah, which itself has a mandatory life sentence. So listen, so this case is a person who has two life sentences, correct? Right. That are consecutive. Right. And as far as sentencing, the issue is whether or not we're going to give him a third. Is that correct? No, that's not right. The question is whether the second one is mandatory or not. Right. So what you have is, let me walk through the counts. No, no, no, the second one is mandatory. Yes. The count two is a life sentence. Right. C, if there's a C conviction, that's a life sentence that's consecutive. But if it's a J conviction, it's not. No, well. Well, it's not if you're off to one of the views. Right. So it's up in the air. If it's a J conviction, and you say it's a J conviction. Right. But now. I just want to be clear, though. So this is where we stand today. And you may be standing on that because you think you have to. The defense attorneys say he has to have consecutive life sentences. And the government's going, no, he does not. He does not. He has to have one life sentence and maybe a concurrent life sentence. That's where we are in this case. No, that's not where we are. Yes, we are, too. If you say it's a J conviction only, then isn't the question of mandatory consecutive, isn't that to be decided by this court? Yes. So, I mean. In your position, following the majority of the other circuits, that you But that's an open question in the circuit. Yeah, right. Some of them say that the J is a sentencing factor. It's really not a separate offense. Those are all pre-Apprendi and before a lot of this. That's not up in the air anymore. Right. It's not a sentencing factor. It's a separate offense. Right. And the key point is. Wait, wait, wait, wait. Have we decided as much? In this circuit? No. You have not. It's not up in the air in this circuit. But that's the government's position. Oh, yeah. Right. That's the government's position. But it's based on what? You're reading a law. It's not based on any circuit precedent. Not this circuit precedent. But the Supreme Court's opinion of Bryan dealing with the machine gun enhancement in 2010, which said that that was a separate offense, created an element I think is certainly supportive of the trend in the cases that has treated. Do you think that it might be better to make this argument and have it in clearly presented? It seems odd to me to be pressing on that issue when the defense is standing up and saying it is a conviction and we are, we have to get, they argue mandatory minimum issue. But if the judge is going to give us a life sentence, it has to be, or this sentence, whatever it is, has to be consecutive. They say that. Right. And to me that's all sort of almost have flipped positions. Well, and let me try and restate what I hope has come across as my position. I think I know your position, but you can restate it. You think it's a J conviction or nothing? I think it's a J conviction because that's what the jury instructions said. No, no, no. You think it's a J conviction or nothing. And so if you lose on that, if this court were to find it's not a conviction under J, there's no punishment under that count. That's your position. There weren't C instructions in this case. I said that's your position. Yes. And the other side says it's kind of a mess. We don't think it's a J. It is a C conviction and we therefore have to have, leaving the sentencing question aside, that little mandatory minimum. Whatever the sentence is, it has to be consecutive.  J has to be consecutive. That's for you. I'm sorry? It's almost like the defense has argued the case for you. They've proceeded. And you are arguing for them. Right. Well, consecutive life sentences. But the concession on the C kills them on the J because you have to have a use to get a C conviction. That is very clear. We don't have to find that. We don't have to find that, do we? As an absolute dead cinch guaranteed precedent, we have to find that? You don't argue in that. You want us to find it. Well, I think it's very clear that the elements of C require use or carry. There wasn't possession and furtherance charged here. So to have a C conviction, you must have a use or carry. Their view is the problem with this verdict. And your position nets you what? Your position nets you what? If the government wins on that argument, it nets you what in this case? A consecutive life sentence? Right. That we may decide may or may not be mandatory. Send it back for resentencing. If the government wins across the board, this case has to go back for resentencing. No, absolutely not. But we have to decide the question of if it's mandatory. This court has to decide it. You say it's mandatory. Right. You say it's a J conviction and it's mandatory. If we conclude it's a J conviction and it's permissive, then it has to go back. On the sentencing of the second life sentence? I mean, it doesn't unless you think it's harmless. I mean, count two is a mandatory life sentence. So the court had no discretion on that. It's consecutive is the question. Right. And so you could win your basic argument and have to go back for resentencing. You recognize that, don't you? I do. But I mean, I'm here on behalf of the United States. The United States has a view about what J requires. And the government's view nationwide on what J requires is that, in a line with Sixth Circuit's, that it is— You represent the government. Your position is for the government that because you want to make the point on J, you aren't willing to accept their concession under C and go ahead and get what you know is a mandatory consecutive life sentence? Well, let me step back. I mean, I hope I have made clear repeatedly that if this court wants to just treat this as a C and be done with this case and affirm everything, that is perfectly fine with the government. I mean, that is perfectly fine. You should stop right there. Okay. Well, and I will. But I will suggest this— But if that's legally wrong, we can't accept that. I will suggest this, that it would save courts, your office, and defense attorneys a lot of aggravation if the attorney general, notwithstanding, doesn't get along with the House too good, would go to the Congress and say, let's fix this statute so that it's easy to read, C or J or both. That should be a very simple fix. It would save a lot of time, a lot of money, and you might carry that back up the chain of command. Well, and there are many— the Armed Career Criminal Act would be wonderful to fix, too. Next time you have breakfast with the attorney general, would you mention that, too? Yeah. I mean, one point I want to make very quickly that I think is important, too, and not to get lost in the big picture, which is the only reason to charge a J as a prosecutor is if you're seeking a death sentence. Are you seeking a death sentence there? No, we did not initially. But we have to—it was death-eligible. There's a review process, and so it has to be charged in a way that permits the review process to play out. You have to keep your flexibility. Exactly. You decided not to, but you have the charge there, so you've got to go through with it when you went to the jury. Right. So if you have a death-eligible offense that has to go through the review process, it's going to get charged as a J. But you knew that at some point before the verdict, didn't you? Yes. You knew that before the verdict, didn't you? Oh, absolutely. Could you not stand up and ask the court that asked to amend that count? The other side would not have objected, would they? Well, they might have because that, on their view, would put them in a worse position because the max would still be the same. They're standing here right now. They're not objecting to it. Sure, and we're happy to, you know, go with treating this as a C and affirm everything. But other than talking to the attorney general, let me ask you this. Why don't you just charge this properly in a case? If you think it's a separate offense, charge it as a separate offense and ask a jury instructor or then have the judge sentence under it, wouldn't that then absolutely square this issue up for the issues you care about? It would, wouldn't it? You could then come to the court and argue whether or not it's a separate offense and you could argue whether or not the sentence they're under must be consecutive. Wouldn't that, instead of this case, which, just let me say, favorable comment, is this a mishmash all across? There are errors, but the government didn't want to say anything. I'm talking about, they say, errors. It's not as clear as it should be. The defense didn't say anything to the judge. The government didn't say anything to the judge. Then when the judge sees his own work, looks to me he's not completely sure even what it means. Why isn't it a better case to present it? You don't have to talk to the attorney general. Can't you just talk your office into charging somebody specifically on that count and then making the argument to the judge about the consecutive sentence? Isn't that a simple way to frame it up? I mean, it would have been simpler, but... I mean, in the future. Sure. I mean, trials have mistakes like this that come up. I mean, they just do. This is one that really doesn't matter because on any scenario, defense counsel stood up in opening and in closing and said that Osmond Hernandez-Gonzalez... You've answered my question for me. You've answered my question. I think I asked you the first time, the first question when you got up here, why you didn't charge it in two counts. Judge Shedd and I agree on that. We do agree. It would have been simpler. It would have been, but you... It would have been duplicitous or whatever you want to call it. In my experience, it's not unusual to have a lesser included charged in one count. It's not unusual. I mean, in the state courts, I used to practice, you'd charge somebody for murder, you had three or four lesser included sentenced. Let me say this to you. I tried a lot of cases... There's no question about that. I tried a lot of cases in district court, and I guarantee you, the lawyers nor I would have gotten to the point with this jury charge and this verdict form with these questions. Now, mistakes happen in trial. I'll just tell you. I won't respond to that. Never would have happened because I would have counted on the defense lawyer or the government to understand the positions and explain them to me or to raise the question if you think something's unclear, or I would have caught it myself. I may not have known the answer, but I would have gone, this doesn't really make sense to me. Is that one or two, or what are you trying to do? And so maybe it happens in cases you're used to. I don't think that's the standard fare for this circuit. I don't think it is. When you say in the statute it violates 924C and 924J, somebody ought to probably... Maybe we're charging two offenses in one count, and that probably is not the proper way to do it. Anyway, we're talking about hypotheticals because we all got to play the cards we got, and we pretty much know what we have. Appreciate it, Mr. Cook. You did a good job as usual. Thank you, Your Honor. We ask that you affirm. Ms. McGuire? Thank you, Your Honor. Just to go back to one of the early points that the court made that obviously it's up to this court to decide what the law is in this case. And upon consulting with my co-counsel, we would withdraw the concession on the 924C and ask the court to review it for plain error because, in fact, Mr. Brand was convicted by the district court on J. And so it would be legally wrong for this court just in an effort to... Why is it that you don't make that decision until rebuttal in an oral argument? Why is it that? You argued it repeatedly in your papers, didn't you? At the district court level on the Rule 29. You did argue it, too. Didn't you argue it to us in your brief? You conceded it was 924C. Wasn't that a concession in your brief? Your Honor, I think it may have been in there. It may have been. Wasn't it? It was. I'll just tell you it was because I looked at it before I walked in here. And so you argued through your opening that it was 924C and now you argue that it's not? All I would say is obviously the court has to decide what the law is. We know that, but your view is you conceded that this was a conviction but now you're saying not only do you not concede but it was not a conviction. No, what I'm saying is that it should be reviewed for plain error by this court based upon the questions of the court. As you stand there right now, do you think this was a conviction under C, yes or no? I guess I would say no because the court convicted him under 924J. That was the finding of the judge. And in fact, just to respond to an earlier question about what did the court think and why didn't you send the verdict back, I would just note that in the JA on 1298 what Judge Payne actually said at the time he reviewed the verdict for him was that he didn't think that they had a finding based upon the verdict on guilt on C, on 924C or J was the position of the district court at that point. Is your, change your view here in the last two or three minutes because if you adhere to the prior view of your opening argument in your brief that it's a 924C then that has to lead to the conclusion that your client gets two life sentences and they are consecutive. I would think that that would be the conclusion, Your Honor, yes. But I would also say that the district court... But that was partly a motivating factor in your change of view. I think that that's part of the motivating factor but I also think part of the motivating factor is clearly that this is a question of law that the court has to decide and that even though it might be a more streamlined approach to say, well, look, let's just say he was convicted of C and not really address the J question, the problem is the district court convicted him on J. And so I don't think this court can simply ignore what the district court did. You knew that and all that until three minutes ago, didn't you? Everything you're saying now, you knew before you just got up. You knew that, didn't you? Isn't that correct? What the judge did, what the charge was but until three minutes ago, you said not only could it allow for a conviction under C, it absolutely did. It was a conviction under C. Isn't that correct? Yes. Is it something the government said that made you change your mind? Or something the court said that made you change your mind? Questions from the bench, perhaps? Yes, yes, Your Honor. You have an obligation to act in the best interest of your client. Yes. You have to do that at all stages of the proceedings. Without question. Thank you. Thank you very much. Let me just ask one question. So you say, you think account three rises or falls under J being a separate offense and there being a conviction under J? Correct. Thank you. We appreciate it. You don't need a break, do you? No. You don't need a break, do you? No. We're going to come down and bring counsel and go on with the next case.
judges: Robert B. King, Dennis W. Shedd, G. Steven Agee